## UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Amended complaint

Charles Hunter
Plaintiff,

v.

TForce Freight INC.
Defendant.

Case No. **CV26-00122-PHX-KML**

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 0 7 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

THIS DOCUMENT IS <u>NOT</u> IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCivP54, 7.1(a)(v)_
(Rule Number/Section)
7.1(b)(v)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND DEFAMATION

(Title VII of the Civil Rights Act of 1964)

### I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
4. Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Arizona and affected Plaintiff nationwide.

### II. PARTIES

5. Plaintiff is an individual residing in Arizona and was employed by Defendant.
6. Defendant is an employer within the meaning of Title VII with 15 or more employees and operates in multiple states.

### III. COLLECTIVE BARGAINING AGREEMENT

7. Plaintiff's employment was subject to a Collective Bargaining Agreement (CBA).
8. The CBA does not waive Plaintiff's statutory rights under Title VII or state tort law.
9. Plaintiff's claims arise from independent statutory and common-law duties and do not

require interpretation of the CBA.

10. Plaintiff is not required to exhaust union grievance or arbitration procedures to pursue these claims.

## IV. ADMINISTRATIVE EXHAUSTION

11. Plaintiff timely filed a charge of discrimination with the EEOC.

12. The EEOC issued a Notice of Right to Sue dated [INSERT DATE].

13. This Complaint is filed within 90 days of receipt of that Notice.

## V. FACTUAL ALLEGATIONS

14. Plaintiff began employment with Defendant on or about [START DATE].

15. Plaintiff performed job duties satisfactorily.

16. Plaintiff is a member of protected classes based on race and sex.

17. Plaintiff was subjected to discrimination and unequal treatment.

18. Plaintiff complained about discrimination, which is protected activity.

19. Defendant retaliated against Plaintiff after the complaint.

20. Defendant falsely accused Plaintiff of theft or criminal conduct.

21. These false statements were published internally and across state lines through company systems.

22. Defendant's stated reasons were false, retaliatory, and pretextual.

## COUNT I – RACE DISCRIMINATION (Title VII)

23. Defendant discriminated against Plaintiff based on race in violation of Title VII.

## COUNT II – SEX DISCRIMINATION (Title VII)

24. Defendant discriminated against Plaintiff based on sex in violation of Title VII.

## COUNT III – RETALIATION (Title VII)

25. Defendant retaliated against Plaintiff for engaging in protected activity.

## COUNT IV – DEFAMATION (State Law)

26. Defendant made false statements accusing Plaintiff of criminal conduct.

27. The statements were published to third parties within and outside Arizona.

28. The statements were false, unprivileged, and made with reckless disregard for the truth.

29. The defamation claim is independent of the CBA and not preempted by federal labor law.

30. Defendant's conduct caused reputational and emotional harm.

## VI. DAMAGES

31. Plaintiff suffered lost wages, emotional distress, reputational harm, and other damages.
32. Defendant acted with malice or reckless indifference.

## VII. JURY DEMAND

33. Plaintiff demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in Plaintiff's favor, including back pay, front pay, compensatory and punitive damages, costs, and equitable relief.

Respectfully submitted,

_____

Charles Hunter
Plaintiff, Pro Se