**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Hunter, | No. CV-26-00122-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| TForce Freight Incorporated, | |
| Defendant. | |

      On January 7, 2026, plaintiff Charles Hunter filed an unsigned complaint and an unsigned application to proceed in forma pauperis. (Docs. 1, 3.) Hunter did not include a mailing address in those initial documents. Approximately one week later, the court ordered Hunter to file a signed version of his complaint and a new application for leave to proceed in forma pauperis. (Doc. 6.) Those filings were due no later than January 26, 2026, but Hunter did not file either. Instead, Hunter filed a copy of a Right to Sue notice he received from the EEOC and a "First Amended Complaint" that still was not signed. (Doc. 7.) On February 2, 2026, the court entered judgment based on Hunter's failure to file a signed complaint and a signed application to proceed in forma pauperis. (Doc. 8.)

      On February 9, 2026, Hunter filed a "Motion for Relief from Judgment and to Reopen Case." (Doc. 9.) That motion argues his failure to provide a mailing address was unintentional. (Doc. 9.) The motion does not explain why Hunter has not filed a signed complaint or a signed application for leave to proceed in forma pauperis. The request to reopen is granted but Hunter is once again ordered to file a signed complaint and either pay

the filing fee or file a new application to proceed in forma pauperis that is signed and contains all required information.

Merely submitting a signed version of the original complaint or a signed version of the first amended complaint filed with the Right to Sue will not allow this case to proceed. Neither complaint contains sufficient facts explaining the basis for Hunter's suit. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If Hunter wishes to pursue this suit, his amended complaint must provide *significantly* more factual allegations explaining what happened and why he is suing.

**IT IS ORDERED** the Motion for Relief from Judgment (Doc. 9) is **GRANTED**. The judgment entered on February 2, 2026, is **VACATED**.

**IT IS FURTHER ORDERED** no later than **February 26, 2026**, plaintiff shall file a new complaint that is signed and either pay the full filing fee or file a new application for leave to proceed in forma pauperis that is signed and contains all required information.

**IT IS FURTHER ORDERED** the Clerk of Court shall update plaintiff's mailing address to 2775 W. Agate Ave Unit 106, Las Vegas, Nevada 89123.

Dated this 12th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge