**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Hunter, | No. CV-26-00122-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| TForce Freight Incorporated, | |
| Defendant. | |

    Plaintiff Charles Hunter initiated this case by filing an unsigned complaint and unsigned application to proceed in forma pauperis. (Docs. 1, 2.) The court ordered Hunter to file signed versions of those documents by January 26, 2026. (Doc. 6.) Hunter did not do so, and the case was closed. (Doc. 8.) Hunter then filed a "Motion for Relief from Judgment and to Reopen Case," claiming there had been complications with his mail. The court granted Hunter's motion on February 13, 2026, and ordered him to file a new complaint and a new application for leave to proceed in forma pauperis. (Doc. 10.)

    The same day the court granted the motion to reopen, Hunter filed six documents: 1) a second motion to reopen; 2) an amended complaint; 3) an application for leave to proceed in forma pauperis; 4) a "Motion in Opposition to Arbitration and Dismissal"; 5) a "Declaration in Support of Rule 56(d) Request'"; and 6) a "Supplemental Rule 56(d) Declaration in Support of Discovery." (Docs. 11-16.) Each filing is addressed below.

    Hunter's second motion to reopen is denied as unnecessary. The court granted his previous motion, and it is inappropriate for Hunter to file duplicative motions.

Hunter's second application for leave to proceed in forma pauperis is not on the court-approved form but it sufficiently establishes Hunter is unable to afford the filing fee. That application is granted, and the court will determine whether the amended complaint states any claim for relief. 28 U.S.C. § 1915(e)(1). Although slightly improved from his initial complaint, the amended complaint still does not contain enough factual allegations to state any claim for relief.

The amended complaint alleges Hunter is a "former employee of Defendant TForce Freight, Inc." (Doc. 12 at 1.) Hunter "was employed under a Collective Bargaining Agreement guaranteeing just cause, progressive discipline, and due process." (Doc. 12 at 1.) At unidentified times and by unidentified individuals, Hunter "was subjected to sex-based discrimination, denied equal opportunities, and disciplined more harshly than similarly situated employees of a different sex." (Doc. 12 at 1.) After Hunter complained, unidentified individuals retaliated against him "by escalating discipline." (Doc. 12 at 1.) Eventually, Hunter was terminated. (Doc. 12 at 1.) That termination was contrary to "mandatory disciplinary and grievance procedures required by the CBA." (Doc. 12 at 1.) Based on these allegations, Hunter asserts claims for sex discrimination, retaliation, wrongful termination, "Breach of Collective Bargaining Agreement/Due Process," and "Pattern or Practice of Unlawful Employment Practices." (Doc. 12 at 1.)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

Hunter's amended complaint does not contain any factual allegations explaining what happened, who was involved, or why Hunter believes he was treated differently

because of sex discrimination or retaliation. For example, Hunter alleges he was "denied equal opportunities," but he does not identify what opportunities he is referencing or who denied them to him. Similarly, he alleges he was "disciplined more harshly" than others, but he does not explain what discipline he is referencing, who disciplined him, nor does he identify the other employees who engaged in similar conduct but were treated less "harshly." (Doc. 12 at 1.) As for Hunter's claims involving the Collective Bargaining Agreement ("CBA"), the complaint fails to explain the relevant provisions of the CBA he believes were violated.

The amended complaint is dismissed but Hunter is granted leave to file a second amended complaint. If Hunter chooses to amend, he must provide significantly more details regarding what happened to him, the other employees who were involved, and why he believes the actions relevant to his claims were taken because of his sex, in retaliation for his prior actions, or contrary to the CBA.

Finally, Hunter's motion regarding arbitration and his two filings regarding "Rule 56(d) are improper. Hunter's filings appear to be boilerplate form responses in that they are opposing motions that have not been filed. (Docs. 14 at 1, 15 at 1, 16 at 1.) Hunter must take far more care when filing documents. Hunter previously filed a motion regarding Rule 56(d) and the court explained that motion was improper. (Doc. 6.) Recognizing it is possible Hunter did not receive that order because he did not have a proper mailing address on file at the time, the court provides one more warning now that Hunter is receiving mail: he must file only documents that are appropriate and tailored to the facts and procedural posture of his case within the time period permitted by the rules. Even though Hunter does not have counsel, he must "follow the same rules of procedure that govern other litigants," including what type of motions are appropriate and when. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

/

/

Accordingly,

**IT IS ORDERED** the Application (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** the Amended Complaint (Doc. 12) is **DISMISSED WITH LEAVE TO AMEND**. No later than **March 5, 2026**, plaintiff shall file an amended complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice if no amended complaint is filed by that day.

Dated this 20th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge