**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Charles Hunter,

Plaintiff,

v.

TForce Freight Incorporated,

Defendant.

No. CV-26-00122-PHX-KML

**ORDER**

Throughout this case, plaintiff Charles Hunter has used generative artificial intelligence to draft procedurally-inappropriate filings and ignored repeated warnings from the court to take more care in his filings and to comply with court orders. The case was closed after Hunter failed to file proof of service by the applicable deadline. Hunter now seeks an extension of time to complete service but based on Hunter's history, his motion for extension of time denied.

On January 7, 2026, plaintiff Charles Hunter filed his original complaint, an application for leave to proceed in forma pauperis ("IFP application"), and a "Declaration in Support of Rule 56(d) Request." (Docs. 1, 3.) The court issued an order explaining the complaint and application were not signed as Fed. R. Civ. P. 11(a) requires and the Rule 56(d) Request was filed in opposition to a motion that did not exist. (Doc. 6.) The court also noted Hunter had not provided any contact information, so it had no way to send him documents. The court gave Hunter fourteen days to file a signed complaint and a signed IFP application or else judgment would be entered against him. Hunter did not file the

necessary documents by the deadline and, on February 2, 2026, the Clerk of Court entered judgment. (Doc. 8.)

On February 9, 2026, Hunter filed a motion for relief from judgment explaining an "inadvertent address issue" meant he did not receive the court's order. (Doc. 9.) The court granted Hunter's motion but provided a new deadline for the filing of a complaint and IFP application. (Doc. 10.) The same day as the court's order, Hunter filed six documents: 1) a second motion to reopen; 2) an amended complaint; 3) another IFP application; 4) a "Motion in Opposition to Arbitration and Dismissal"; 5) a "Declaration in Support of Rule 56(d) Request"'; and 6) a "Supplemental Rule 56(d) Declaration in Support of Discovery." (Docs. 11-16.) The court concluded the motion to reopen was improper because his previous motion had been granted. The court then granted the IFP application, dismissed the amended complaint for failure to state a claim, and noted Hunter's "motion regarding arbitration and his two filings regarding Rule 56(d) [were] improper." (Doc. 17 at 3.) Those documents were "boilerplate forms" that were "opposing motions that have not been filed." Hunter was ordered to "take far more care when filings documents" and the court set a deadline for the filing of a second amended complaint. (Doc. 17 at 3.)

For unexplained reasons, Hunter then filed three different complaints over a span of four days. (Docs. 19-21.) The court deemed the complaint filed on March 4, 2026, to be the operative complaint and determined it did not state any claims for relief. (Doc. 22.) This order noted Hunter appeared to be using generative AI and he had not complied with the court's procedures regarding use of that technology. (Doc. 22 at 6.) Hunter was ordered to comply with the court's generative AI procedures in all future filings.

Hunter filed an amended complaint that stated he had used generative AI but, contrary to the court's procedures, did not identify the portions of the complaint where AI was used. Despite Hunter's failure to comply with the court's AI requirements, the court assessed the complaint on its merits and determined the Title VII and ADA claims could proceed. (Doc. 24 at 1.) Hunter was ordered to serve the summons and amended complaint no later than April 30, 2026. (Doc. 24 at 2, 8.) On April 23, Hunter sought an extension of

that deadline. (Doc. 25.) The court granted that motion, but again pointed out Hunter was using generative AI without personally reviewing the filings. That conclusion was based on Hunter's motion containing an obviously false statement. The court warned Hunter that he risked sanctions by filing false statements with the court. (Doc. 26 at 1.) Hunter was given until May 27, 2026, to complete service of process. (Doc. 26 at 2.)

Hunter did not file proof of service by the May 27 deadline. On June 18, more than three weeks after that deadline, the Clerk of Court closed the case based on the lack of service. (Doc. 29.) The same day the case was closed, Hunter filed a motion seeking an extension of time to complete service. (Doc. 30 at 1.) That motion argues Hunter has been attempting to complete service of process but has encountered difficulty due to "corporate reorganizations." (Doc. 30 at 3.) The motion also claims Hunter is involved in "related litigation involving the same Defendant" in Colorado. (Doc. 30 at 3.) Hunter then argues "service upon an authorized registered agent in another state may provide a more efficient and reliable means of accomplishing service and avoiding additional delay." (Doc. 30 at 3.) It is not clear what litigation Hunter has in Colorado or what he is attempting to argue regarding service of process "in another state."

Also on June 18, 2026, Hunter filed an "Affidavit/Proof of Service." (Doc. 31.) This document is not actually a proof of service and instead explains Hunter attempted to serve TForce, an Arizona corporation, by mailing the amended complaint via the United States Postal Service. (Doc. 31.) This is not a proper method of service under the Federal Rules of Civil Procedure and was not authorized by the court. *See* Fed. R. Civ. P. 4(h)(1).

This case has been pending since January 7, 2026. Since its filing, Hunter has repeatedly filed improper documents drafted using generative AI, which the court has expended significant time reviewing. The court has issued seven orders, many of which contained substantive analysis and directions to Hunter. His latest motion seeks an extension of time, but he waited until approximately three weeks after the already-extended service deadline to file it. The motion provides no coherent explanation why Hunter has been unable to complete service of process or why he did not seek an extension before an

- 3 -

expiration of the deadline, and the accompanying affidavit shows Hunter was trying to effectuate service improperly.

Before this case could proceed, Hunter would need to seek relief from the order closing the case. Only after obtaining that relief could he seek an extension of time to complete service. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). But that would be futile in this case because Hunter has not established "good cause" for his failure to complete service and his affidavit establishes he has been trying to effectuate service in a manner contrary to the federal rules. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Hunter has now had three months to complete service and unexplained "corporate reorganizations" should not have prevented him from completing service of process. Although the court has discretion to extend the time absent a showing of good cause, Hunter has established a long history of filing inappropriate documents and has repeatedly violated court orders and the rules. He also shows no signs of complying with court orders or the rules in the future. These circumstances do not merit an exercise of discretion. *Id.* at 513.

**IT IS ORDERED** the Motion for Extension of Time (Doc. 30) is **DENIED**. This case remains closed.

Dated this 29th day of June, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 4 -